# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

## CIVIL COMPLAINT

| | |
|---|---|
| United States, )<br>)<br>Plaintiff, )<br>)<br>)<br>vs. )<br>)<br>Betty Bouchon, Bouchon Limited Family )<br>Partnership, and Sapphire Corp., )<br>)<br>Defendants. ) | CASE NO. _____ |

The United States of America alleges:

1. This action is brought to enforce the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 *et seq.*

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3614. Venue is proper under 28 U.S.C. § 1391(b) as the claims alleged herein arose in the Eastern District of Louisiana.

3. The Bouchon Limited Family Partnership owns a sixteen-unit apartment building located at 4919 Canal Street, New Orleans, Louisiana. The Bouchon Limited Family Partnership offers apartments in that building for rent. Those apartments are dwellings within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b).

4. Defendant Bouchon Limited Family Partnership is a Louisiana partnership with its

principal place of business in Metairie, Louisiana.

5. Defendant Sapphire Corporation is a Louisiana corporation with its principal place of business in Metairie, Louisiana. Defendant Sapphire Corporation is the general partner of the Bouchon Limited Family Partnership.

6. Defendant Betty Bouchon is a limited partner in the Bouchon Limited Family Partnership, and manages and operates the sixteen-unit apartment building located at 4919 Canal Street, New Orleans, Louisiana on behalf of the Bouchon Limited Family Partnership.

7. Defendant Bouchon Limited Family Partnership has the right to direct and control Defendant Betty Bouchon's actions as manager and operator of the apartment building located at 4919 Canal Street, New Orleans, Louisiana.

8. While acting with the actual or apparent authority of the Bouchon Limited Family Partnership, Betty Bouchon showed and offered for rent an apartment located in the sixteen-unit apartment building located at 4919 Canal Street, New Orleans, Louisiana.

9. The Greater New Orleans Fair Housing Action Center conducted a series of tests in September 2009 to evaluate the Defendants' compliance with the Fair Housing Act. Testing is the simulation of a housing transaction that compares responses given by housing providers to different types of home-seekers to determine whether illegal discrimination is occurring. The testing undertaken by the Greater New Orleans Fair Housing Action Center revealed that Defendant Betty Bouchon engaged in housing practices that discriminate on the basis of race or color at the sixteen-unit apartment building located at 4919 Canal Street, New Orleans, Louisiana.

10. The testing conducted by the Greater New Orleans Fair Housing Action Center revealed that Defendant Betty Bouchon refused to return phone calls from prospective African-American renters, but did return phone calls from prospective white renters. The testing further revealed that Defendant Betty Bouchon made statements to prospective white renters indicating that she would not rent to African Americans. The testing further revealed that Betty Bouchon indicated to an African-American prospective tenant that a unit in the sixteen-unit apartment building located at 4919 Canal Street, New Orleans, Louisiana was not available for rent when it was, in fact, available.

11. By the conduct set forth above, Defendants Betty Bouchon and the Bouchon Family Limited Partnership have:

   a. Refused to negotiate for the rental of, or otherwise made unavailable or denied a dwelling to a person on the basis of race or color, in violation of Section 804(a) of the Fair Housing Act, 42 U.S.C. § 3604(a);

   b. Discriminated in the terms, conditions, or privileges of rental of a dwelling because of race or color, in violation of Section 804(b) of the Fair Housing Act, 42 U.S.C. § 3604(b);

   c. Made statements with respect to the sale or rental of dwellings that indicate a preference, limitation, or discrimination based on race or color, in violation of Section 804(c) of the Fair Housing Act, 42 U.S.C. § 3604(c); and

   d. Represented because of race or color that a dwelling is not available for inspection or rental when such dwelling is in fact so available, in violation of Section 804(d) of the Fair Housing Act, 42 U.S.C. § 3604(d).

12. The discriminatory actions of Defendants Betty Bouchon and the Bouchon Family

Limited Partnership were intentional, willful, and taken in disregard of the requirements of the Fair Housing Act.

13. The conduct of Defendants Betty Bouchon and the Bouchon Family Limited Partnership set forth above constitutes:

    a. A pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601-3619; or

    b. A denial to a group of persons of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601-3619, which denial raises an issue of general public importance.

14. Persons who may have been the victims of Defendants Betty Bouchon and the Bouchon Family Limited Partnership's discriminatory housing practices are aggrieved persons as defined in 42 U.S.C. § 3602(i), and may have suffered injuries as a result of the conduct described above.

15. The discriminatory actions of Defendants Betty Bouchon and the Bouchon Family Limited Partnership were intentional, willful, and taken in disregard of the requirements of the Fair Housing Act.

WHEREFORE, the United States prays that the court enter an ORDER that:

1. Declares that Defendants Betty Bouchon and the Bouchon Family Limited Partnership's conduct, as alleged herein, violates the Fair Housing Act;

2. Enjoins Defendants Betty Bouchon and the Bouchon Family Limited Partnership, their officers, employees, agents, successors and all other persons in active concert or participation with them, from further:

    a. Refusing to rent, after the making of a bona fide offer, or refusing to negotiate for the rental of, or otherwise make unavailable or deny, a dwelling to any person because of race or color;

    b. Discriminating against any person in the terms, conditions, or privileges of rental of a dwelling because of race or color;

    c. Representing to any person because of race or color that any dwelling is not available for inspection, sale or rental when such dwelling is in fact so available;

    d. Discriminating on the basis of race against any person in any aspect of the rental of dwellings, pursuant to 42 U.S.C. § 3614(d)(1)(A); and

    e. Failing or refusing to take such steps that may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of the Defendants' unlawful housing practices.

4. Awards monetary damages, pursuant to 42 U.S.C. § 3614(d)(1)(B), to all persons harmed by Defendants Betty Bouchon and the Bouchon Family Limited Partnership's discriminatory practices; and

5. Assesses a civil penalty against Defendants Betty Bouchon and the Bouchon Family Limited Partnership in an amount authorized by 42 U.S.C. § 3614(d)(1)(C), to vindicate the public interest.

The United States further prays for such additional relief as the interests of justice may require.

Dated: 8/29, 2011

ERIC H. HOLDER, Jr.
Attorney General

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

JIM LETTEN
United States' Attorney
Eastern District of Louisiana

STEVEN H. ROSENBAUM
Chief

SANDRA EMA GUTIERREZ
Assistant U.S. Attorney
650 Poydras Street, 16th Floor
New Orleans, Louisiana 70130
Phone: (504) 680-3000
Fax: (504) 680-3186

REBECCA B. BOND
Deputy Chief
SEAN R. KEVENEY
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Northwestern Building, 7th Floor
Washington, D.C. 20530
Phone: (202) 514-4838
Fax: (202) 514-1116
sean.r.keveney@usdoj.gov